**KELLEY DRYE & WARREN LLP**
Becca Wahlquist (SBN 215948)
bwahlquist@kelleydrye.com
350 South Grand Avenue, Suite 3800
Los Angeles, California 90071
Telephone: (213) 547-4916

Lauri A. Mazzuchetti (*pro hac vice* to be submitted)
lmazzuchetti@kelleydrye.com
One Jefferson Road, 2nd Floor
Parsippany, New Jersey 07054
Telephone: (973) 503-5900

James B. Saylor (*pro hac vice* to be submitted)
jsaylor@kelleydrye.com
Three World Trade Center
175 Greenwich Street
New York, New York 10007
Telephone: (212) 808-7800

*Attorneys for Respondents*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| ANA BERNAL, AMIEE MARQUEZ, KRISTA KELLEY, MELANIE SIMPKINS, PATRICIA JUAREZ, and CLARA ROA,<br><br>*Petitioners*,<br><br>vs.<br><br>KOHL'S CORPORATION., a Wisconsin Corporation, and KOHL'S, INC., a Wisconsin Corporation,<br><br>*Respondents* | Case No. 5:23-cv-1779-PA-SHK<br><br>**RESPONDENTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE**<br><br>Hearing Date: November 20, 2023<br>Hearing Time: 1:30 p.m.<br>Hearing Place: Courtroom 9A |

# TABLE OF CONTENTS

Page

I.   PRELIMINARY STATEMENT ................................................................... 1
II.  RELEVANT FACTUAL BACKGROUND ................................................... 2
III. LEGAL STANDARD: FORUM-SELECTION CLAUSES REQUIRE TRANSFER ABSENT EXTRAORDINARY CIRCUMSTANCES ............. 4
IV.  THERE IS A VALID AND ENFORCEABLE FORUM-SELECTION CLAUSE IN KOHL'S APPLICABLE TERMS ........................................... 5
   A. Petitioners Claim They Agreed to the Terms, Which Contain a Valid Forum-Selection Clause ............................................................ 5
   B. The Forum-Selection Clause Applies to the Petition .......................... 5
   C. The Forum-Selection Clause Is Valid and Enforceable ...................... 7
V.   NO "EXCEPTIONAL" CIRCUMSTANCES EXIST TO DISREGARD THE VALID FORUM-SELECTION CLAUSE ........................................... 10
VI.  CONCLUSION ......................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aid Ass'n for Lutherans v. Radmer*,
    No. 99-C-1205, 2001 WL 34388864 (E.D. Wis. Oct. 31, 2001) .........................9

*Atl. Marine. Constr. Co. v. U.S. Dist. Court*,
    134 S. Ct. 568 (2013)......................................................................................4

*Belyea v. Greensky, Inc.*,
    637 F.Supp.3d 745 (N.D. Cal. 2002)................................................................11

*Bromlow v. D & M Carriers, LLC*,
    438 F. Supp. 3d 1021 (N.D. Cal. 2020)............................................................11

*Cairo, Inc. v. Crossmedia Servs., Inc.*,
    No. 04–04825, 2005 WL 756610 (N.D. Cal. Apr. 1, 2005)...............................8

*Carrera v. First Am. Home Buyers Prot. Co.*,
    No. CV097801GHKFFMX, 2009 WL 10674763 (C.D. Cal. Nov. 30,
    2009) ............................................................................................................2, 7

*Crawford v. Beachbody, LLC*,
    No. 14CV1583-GPC KSC, 2014 WL 6606563 (S.D. Cal. Nov. 5,
    2014) ................................................................................................................8

*Democracy Council of California v. WRN Ltd., PLC*, No. CV 10-5088,
    2010 WL 3834035 (C.D. Cal. Sept. 27, 2010), aff'd, 471 F. App'x
    802 (9th Cir. 2012) ...........................................................................................8

*Hawkins v. Aid Ass'n for Lutherans*,
    338 F.3d 801 (7th Cir. 2003)............................................................................9

*HCW LLC v. Alorica Customer Care Inc.*,
    No. 20-C-1141, 2022 WL 2713695 (E.D. Wis. July 13, 2022) .........................9

*Klein v. Coppersmith Global Logistics*,
    No. 2:14-cv-00748, 2015 WL 1345308 (E.D. Cal. 2015)..................................8

*Lee v. Citigroup Corporate Holdings, Inc.*,
    No. 22-CV-02718-SK, 2023 WL 6132959 (N.D. Cal. Aug. 29, 2023) .............11

*M/S Bremen v. Zapata Off–Shore Co.*,
 407 U.S. 1 (1972) .................................................................................................. 7

*Manetti-Farrow, Inc. v. Gucci America, Inc.*,
 858 F.2d 509 (9th Cir. 1988) .............................................................................. 6, 7

*Melo v. Zumper, Inc.*,
 439 F. Supp. 3d 683 (E.D. Va. 2020) ............................................................... 7, 10

*Morgan Tire of Sacramento, Inc. v. Goodyear Tire & Rubber Co.*,
 60 F. Supp. 3d 1109 (E.D. Cal. 2014) .............................................................. 5, 10

*Murphy v. Schneider National, Inc.*,
 362 F. 3d 1133 (9th Cir. 2004) ............................................................................... 7

*Ponomarkenko v. Shapiro*,
 287 F. Supp. 3d 816 (N.D. Cal. 2018) ................................................................ 5, 6

*Rafeh v. Gold Star Mortg. Fin. Grp.*,
 No. 219CV00157ODWSKX, 2019 WL 3067199 (C.D. Cal. July 12,
 2019) ...................................................................................................................... 8

*Richards v. Lloyd's of London*,
 135 F.3d 1289 (9th Cir. 1998) ............................................................................... 7

*Socialcom. Inc. v. Arch Ins. Co.*,
 No. 2:20-cv-04056-RGK-AGR, 2020 WL 6815039 (C.D. Cal. July 7,
 2020) .................................................................................................................... 10

*Sun v. Advanced China Healthcare, Inc.*,
 901 F.3d 1081 (9th Cir. 2018) ....................................................................... 4, 6, 7

*Sundesa, LLC v. IQ Formulations, LLC*,
 No. 2:19-CV-06467-AB-MAA, 2020 WL 8125541 (C.D. Cal. Aug.
 19, 2020) ................................................................................................................ 8

*Tabizon v. Covenant Transp., Inc.*,
 No. CV1810147PAPJWX, 2019 WL 13244522 (C.D. Cal. Feb. 22,
 2019) (Anderson, J.) ........................................................................................... 4, 6

*Washington v. Cashforiphones.com*,
 No. 15-CV-0627-JAH (JMA), 2016 WL 6804429 (S.D. Cal. June 1,
 2016) ................................................................................................................... 7, 8

*Zaitzeff v. Peregrine Fin. Grp., Inc.*,
   No. CV0802874MMMJWJX, 2008 WL 11408422 (C.D. Cal. June 23,
   2008) .................................................................................................................. 9

**Statutes**

9 U.S.C. § 4—a ........................................................................................................ 11

28 U.S.C. § 1391(b) ................................................................................................... 3

28 U.S.C. § 1404(a) ............................................................................................ 1, 2, 4

Pursuant to 28 U.S.C. § 1404(a), Respondents Kohl's Corporation and Kohl's Inc. (collectively, "Kohl's") hereby move to transfer this action filed by petitioners Ana Bernal, Amiee Marquez, Krista Kelley, Melanie Simpkins, Patricia Juarez and Clara Roa (collectively, "Petitioners") to the U.S. District Court for the Eastern District of Wisconsin, for the reasons set forth below.

## I. PRELIMINARY STATEMENT

Petitioners are just six of 54,495 individuals dispersed throughout the country on whose behalf Petitioners' Counsel attempted to file substantively identical arbitration demands with the American Arbitration Association ("AAA") against Kohl's. Just as Petitioners' Counsel were apprised would happen before they attempted these filings, the AAA declined to commence the intake process and to administer those arbitrations. Petitioners now seek an order from this Court requiring Kohl's to register an outdated and superseded version of its arbitration agreement with the AAA, to pay fees for which the AAA has not invoiced Kohl's, and to arbitrate Petitioners' claims before the AAA.

The parties dispute which arbitral terms apply. Petitioners bring their Petition pursuant to, Kohl's Terms & Conditions dated November 3, 2020 ("2020 Terms") or July 13, 2022 ("2022 Terms"), which contain an arbitration agreement designating the AAA as the arbitral forum. Petitioners further contend that Kohl's May 22, 2023 Terms & Conditions ("2023 Terms"),[1] which contain an arbitration agreement designating National Arbitration and Mediation ("NAM") as the arbitral forum, do not apply to them.

But regardless of which Terms apply, Petitioners seek relief in the wrong forum. The 2020, 2022, and 2023 Terms all contain unambiguous forum-selection provisions that require any litigation relating to the Terms—such as this action—to take place in Wisconsin. A court in Wisconsin should decide the question of which

---

[1] The 2023 Terms, 2022 Terms, and 2020 Terms are collectively referred to herein as the "Terms."

1

Case 2:23-cv-01542-LA   RESPONDENTS' MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE
                        Filed 10/20/23   Page 6 of 18   Document 87-1
                                                        CASE NO. 5:23-cv-1779-PA-SHK

Terms apply to Petitioners, and whether any arbitrations should be compelled. There is no reason this dispute could not, or should not, proceed there. Accordingly, Kohl's respectfully requests that this Court enforce the forum-selection provisions set forth in the very agreements Petitioners contend govern here, and transfer this case to the U.S. District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1404(a).[2]

## II. RELEVANT FACTUAL BACKGROUND

As explained in Kohl's response to the Court's September 7, 2023 Order to Show Cause (Dkt. 36), Petitioners are just six of 54,495 individuals that Petitioners' Counsel purports to represent in a "mass arbitration" against Kohl's. Petitioners' arbitration demands are substantially identical to the tens of thousands of other arbitration demands Petitioners' Counsel attempted to file with the AAA between May 22 and 26, 2023, after being put on notice that the 2023 Terms designated a different administrator and that the AAA would not administer any arbitrations involving Kohl's. (*Id*. at 4.) The AAA had previously notified Kohl's of its position unrelated to these matters, and Kohl's relied on that disclosure to select another administrator. Petitioners and their Counsel's other purported clients all seek to have the AAA administer their claims without hearings, by written submissions only. (*See, e.g.* Dkts. 1-12 through 1-17, at p. i, 11.)

On June 20, 2023, the AAA declined to administer the arbitrations filed by Petitioners' Counsel, including those pertaining to Petitioners. (Dkt. 1-19.) Two months later, on September 1, 2023, Petitioners' Counsel filed this Petition. (Dkt. 1.)

---

[2] Kohl's acknowledges that as of this submission, this Court is also evaluating whether it has subject matter jurisdiction over this dispute. Accordingly, there are two threshold questions before this Court: whether to dismiss this case for lack of subject matter jurisdiction and whether to transfer this case pursuant to § 1404(a). Kohl's takes no position as to which determination need be made first, but respectfully observes if this action were transferred, the transferee court could properly address subject matter jurisdiction. *See Carrera v. First Am. Home Buyers Prot. Co.*, No. CV097801GHKFFMX, 2009 WL 10674763, at *1 (C.D. Cal. Nov. 30, 2009) (noting that the court "may rule on a 'threshold, nonmerits issue' such as whether to dismiss or transfer . . . prior to deciding whether there is subject matter jurisdiction" and granting motion to transfer) (citing cases).

While the almost 55,000 individuals that Petitioners' Counsel claims to represent reside across the country, these six Petitioners are residents of California, three of whom (and *only* three) reside within the counties comprising the Eastern Division. (*See* Dkts. 1-22 through 1-27.) Two Petitioners do not reside in the Central District of California at all, and accordingly venue in this District could not be proper for their claims under 28 U.S.C. § 1391(b).

The Petition relies on Petitioners' supposed agreement to Kohl's Terms. (Dkt. 1, ¶ 16.) Kohl's updated its Terms and Conditions most recently on May 22, 2023, and before that, on July 13, 2022 and November 3, 2020. (Exs.[3] A, B, C.) Petitioners specifically allege their agreement to the 2020 or 2022 Terms, or both, and deny that the 2023 Terms apply to them. (Dkt. 1, ¶¶ 16, 23.)

Regardless of which version of the Terms might apply to Petitioners' claims, each version contains a forum-selection clause in the same section as the arbitration clause, or in the section just above it. (*See* Dkt. 1-2 at 5; Dkt. 1-3 at 5; Dkt. 1-5 at 4 (the "Forum-Selection Clause").) The current Forum-Selection Clause provides that the "state and federal courts that encompass Waukesha County, Wisconsin"—where Kohl's is located—is the exclusive jurisdiction for "any disputes" not encompassed by the arbitration clause, and for "any action that seeks to enforce or challenge the enforceability" of the arbitration agreement. (Dkt. 1-5 at 5.) Previous versions of the Terms *that Petitioners claim they agreed to* similarly selected the state and federal courts of Waukesha County, Wisconsin as the "Exclusive Venue" for "any dispute arising out of or relating to the subject matter of these Terms." (Dkt. 1-2 at 5; Dkt 1-3 at 5.)

Notwithstanding Petitioners' alleged agreement to Terms containing the Forum-Selection Clause, Petitioners filed their Petition in this Court.

---

[3] Exhibits are to the Declaration of Lauri A. Mazzuchetti, dated October 20, 2023.

### III. LEGAL STANDARD: FORUM-SELECTION CLAUSES REQUIRE TRANSFER ABSENT EXTRAORDINARY CIRCUMSTANCES

Under 28 U.S.C. § 1404(a), a district court may "transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Absent a forum selection clause, a court considering such a transfer must evaluate the private-interest and public-interest considerations to determine whether transfer is appropriate, including whether, on balance, a transfer would serve the convenience of the parties and witnesses and otherwise promote the interests of justice. *See Atl. Marine. Constr. Co. v. U.S. Dist. Court*, 134 S. Ct. 568, 581 (2013). A valid forum-selection clause, which represents the parties' agreement as to the most proper forum, changes that calculus. *Id.*

Where there is a valid forum-selection agreement, the court must disregard a plaintiff's choice of forum and apply the forum-selection agreement unless the *plaintiff* can show that "transfer to the forum for which the parties bargained is unwarranted." *Id.* Indeed, "a court must deem all factors relating to the private interests of the parties (such as the relative ease of access to sources of proof; availability of compulsory process for attending of unwilling, and the cost of obtaining attendance of willing, witnesses . . . and all other practical problems that make trial of a case easy, expeditious and inexpensive)" to "weigh entirely in favor of the preselected forum." *Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1087-88 (9th Cir. 2018). To be sure, a court may consider arguments about *public interest* factors, but those factors, will rarely defeat a transfer motion. Accordingly, a "proper application of § 1404(a) requires that a *forum-selection clause be given controlling weight in all but the most exceptional cases.*" *Tabizon v. Covenant Transp., Inc.*, No. CV1810147PAPJWX, 2019 WL 13244522, at *2 (C.D. Cal. Feb. 22, 2019) (internal quotations omitted; emphasis added) (Anderson, J.).

4

Case 2:23-cv-01542-LA   Filed 10/20/23   Page 9 of 18   Document 87
RESPONDENTS' MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE
CASE NO. 5:23-cv-1779-PA-SHK

## IV. THERE IS A VALID AND ENFORCEABLE FORUM-SELECTION CLAUSE IN KOHL'S APPLICABLE TERMS

The Forum-Selection Clause set forth in the Terms to which Petitioners claim they agreed requires that this case be transferred to the U.S. District Court for the Eastern District of Wisconsin.

### A. Petitioners Claim They Agreed to the Terms, Which Contain a Valid Forum-Selection Clause

The threshold issue in determining whether a forum selection clause applies is determining whether a valid contract containing a forum-selection clause exists. *See Morgan Tire of Sacramento, Inc. v. Goodyear Tire & Rubber Co.*, 60 F. Supp. 3d 1109, 1113 (E.D. Cal. 2014). Here, *Petitioners* claim they "agreed to the 2020 or 2022 Terms, or both" and their Petition seeks to enforce those Terms. (Dkt. 1, ¶ 16.) While the parties here may disagree as to whether the 2020, 2022 or 2023 Terms are applicable to Petitioners' claims, there can be no dispute that this action is entirely premised on Petitioners' contention that some version of those Terms applies to them. *See Ponomarkenko v. Shapiro*, 287 F. Supp. 3d 816, 837 (N.D. Cal. 2018) (enforcing forum-selection clause contained in same contract that plaintiff's claims sought to enforce). Every version of those Terms includes the Forum-Selection Clause. Thus, to the extent Petitioners can enforce a version of the Terms, as they contend, those Terms include a Forum Selection Clause. Petitioners cannot pick and choose which provisions of the Terms apply.

### B. The Forum-Selection Clause Applies to the Petition

The Forum-Selection Clause in the 2020 and 2022 Terms that Petitioners allege apply to them broadly covers "any disputes arising out of or relating to the subject matter of the Terms" that are not arbitrated. (*See* Dkt. 1-2 at 5.) Similarly, the current Forum-Selection Clause applies to "*any action* that seeks to enforce . . . the Arbitration Agreement or Terms." (*See* Dkt. 1-5 at 4 (emphasis added).)

In the Ninth Circuit, forum-selection clauses like these clauses are broadly applicable. *See Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 (9th Cir. 1988). For instance, a forum-selection clause that covers disputes "relating to" an agreement should be interpreted as applying to any "logical or causal connection to the agreement." *Sun*, 901 F.3d at 1086. With "relating to" language, "the dispute need not grow out of the contract or require interpretation of the contract in order to relate to the contract." *Id.*; *see also Tabizon*, 2019 WL 13244522, at *3 (a forum-selection clause containing the language "relating to" should be broadly interpreted) (Anderson, J.); *Ponomarkenko*, 287 F. Supp. 3d at 838 (enforcing forum-selection clause that encompassed all actions "arising in connection with" an agreement to a separate contract that did not include the forum-selection clause).

The Petition, which seeks to enforce a provision of the Terms, undoubtedly "relate[s] to" the Terms. In addition, Petitioners' underlying claims also relate to the Terms, which apply to Petitioners' "use of . . . Kohls.com . . . [and the] Kohl's mobile applications." (*See* Dkt. 1-5 at 2; (2023 Terms); Dkt. 1-3 at 2 (2022 Terms); Dkt 1-2 at 2 (2020 Terms).) And the Forum-Selection Clause in the 2023 Terms expressly covers any proceeding to enforce the Arbitration Agreement. Accordingly, the present dispute relating to the Terms is plainly encompassed by all iterations of the Forum Selection Clause. Any issues related to interpretation and applicability of the Terms should be decided by a court in Wisconsin.

Judge Anello's ruling *Espinoza v. Walmart, Inc. et al.* is instructive. (*See* Ex. D.) That case, which was filed by a consumer in California, involved a motion to compel arbitration pursuant to an agreement that contained a Utah forum-selection clause that applied to "all controversies . . . arising out of or in connection with" the agreement that were "not subject to arbitration." *Id.* at 2. Upon finding that the forum-selection clause was valid, the court determined to transfer the case, along with the motion to compel arbitration, to the forum specified in the parties' forum-selection clause. *Id.* at 19; *see also Melo v. Zumper, Inc.*, 439 F. Supp. 3d 683, 700 (E.D. Va.

2020) (transferring entire case, including motion to compel arbitration, where forum selection clause in terms and conditions called for the Eastern District of California as the exclusive venue for all unarbitrable claims). This Court should do the same here.

### C. The Forum-Selection Clause Is Valid and Enforceable

Under federal law, "[f]orum selection clauses are prima facie valid" and should be enforced unless the resisting party shows that "enforcement would be unreasonable or unjust." *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d at 514 (citing *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15 (1972). It is a "heavy burden" for Plaintiff to show that "enforcement [of a forum-selection clause] would be unreasonable and unjust." *Murphy v. Schneider National, Inc.*, 362 F. 3d 1133, 1140 (9th Cir. 2004) (emphasis added); *M/S Bremen*, 407 U.S. at 17 (party seeking to invalidate forum-selection clause "should bear a heavy burden of proof") (emphasis added); *Sun*, 901 F.3d at 1088 ("Because the [plaintiffs] have not carried their heavy burden of showing the sort of exceptional circumstances that would justify disregarding a forum-selection clause, we affirm the district court.") (emphasis added). There are only three recognized grounds for repudiating a forum-selection clause: (1) when the clause was the product of fraud or overreaching; (2) when the party wishing to repudiate the clause would effectively be deprived of his day in court if the clause is enforced; and (3) when "enforcement would contravene a strong public policy of the forum in which suit is brought." *Richards v. Lloyd's of London*, 135 F.3d 1289, 1297 (9th Cir. 1998); *see also Celtic Int'l, LLC v. J.B. Hunt Transport, Inc.*, 234 F. Supp. 3d 1034 (E.D. Cal. 2017). None of these grounds applies here.

*First*, there is no basis for Petitioners to assert that the Forum-Selection Clause was included in the Terms as a result of fraud. When challenging a forum-selection clause as fraudulent, a plaintiff must show that the forum-selection clause itself, as opposed to the entire contract in which the clause is set forth, is specifically the product of fraud or overreaching. *Washington v. Cashforiphones.com*, No. 15-CV-0627-JAH (JMA), 2016 WL 6804429, at *5 (S.D. Cal. June 1, 2016); *Klein v.

*Coppersmith Global Logistics*, No. 2:14-cv-00748, 2015 WL 1345308, at *2 (E.D. Cal. 2015) (claim of fraud requires that plaintiff was "coerced into signing the terms and conditions"). In their Petition, Petitioners admit that they "agreed to the 2020 or 2022 Terms, or both." (Dkt. 1, ¶ 16.) There is no allegation that they were fraudulently induced into agreeing to the Terms, much less that the Forum-Selection Clause was fraudulently inserted into the terms without Petitioners' knowledge. And that the forum-selection clause was non-negotiable is not sufficient to establish "overreaching." *Crawford v. Beachbody, LLC*, No. 14CV1583-GPC KSC, 2014 WL 6606563, at *5 (S.D. Cal. Nov. 5, 2014). Petitioners were able to see the Terms, including the Forum-Selection Clause, when they placed orders on Kohls.com. Courts regularly enforce forum-selection clauses where consumers were similarly able to view the contracts when making purchases online. *See, e.g.*, *Cairo, Inc. v. Crossmedia Servs., Inc.*, No. 04–04825, 2005 WL 756610, at *2, *4–5 (N.D. Cal. Apr. 1, 2005); *Crawford*, 2014 WL 6606563; *Washington*, 2016 WL 6804429.

***Second***, the circumstances are not such that Petitioners would be "deprived" of their "day in court" if the Forum-Selection Clause were enforced. "To demonstrate that enforcing a forum selection clause would deprive a party of her day in court, a party must show that the selected forum makes it an impossibility for her to try her case, not simply a less convenient or effective means of doing so." *Rafeh v. Gold Star Mortg. Fin. Grp.*, No. 219CV00157ODWSKX, 2019 WL 3067199, at *4 (C.D. Cal. July 12, 2019); *see also Klein v. Coppersmith Global Logistics*, at *2 (E.D. Cal. 2015) (requiring that it be "gravely difficult to litigate in the forum selected."). Potential inconvenience is an insufficient reason to repudiate the Forum-Selection Clause. *See Democracy Council of California v. WRN Ltd., PLC*, No. CV 10-5088, 2010 WL 3834035, at *5 (C.D. Cal. Sept. 27, 2010), aff'd, 471 F. App'x 802 (9th Cir. 2012) (requiring litigation in Hong Kong because it was not "gravely difficult and inconvenient"); *see also Sundesa, LLC v. IQ Formulations, LLC,* No. 2:19-CV-06467-AB-MAA, 2020 WL 8125541, at *4 (C.D. Cal. Aug. 19, 2020) (argument that party

8

would be forced to litigation 3000 miles from place of business was "little more than an inconvenience argument" and therefore carried "no weight"); *Zaitzeff v. Peregrine Fin. Grp., Inc.*, No. CV0802874MMMJWJX, 2008 WL 11408422, at *12 (C.D. Cal. June 23, 2008) (financial hardship and cost of travel not "so insurmountable" that it would deprive plaintiff of his day in court).

Petitioners will not be deprived of their day in court if this action is transferred to Wisconsin. Federal courts in Wisconsin will be as capable as this Court of granting Petitioners' requested relief. In particular, federal courts in Wisconsin are perfectly capable of adjudicating petitions to compel arbitration and indeed regularly do so. *See, e.g.*, *Aid Ass'n for Lutherans v. Radmer*, No. 99-C-1205, 2001 WL 34388864 (E.D. Wis. Oct. 31, 2001) (granting petition to compel arbitration), aff'd sub nom. *Hawkins v. Aid Ass'n for Lutherans*, 338 F.3d 801 (7th Cir. 2003). And Petitioners are represented here by counsel that have experience litigating cases in Wisconsin courts. *See, e.g.*, *HCW LLC v. Alorica Customer Care Inc.*, No. 20-C-1141, 2022 WL 2713695 (E.D. Wis. July 13, 2022) (defendant represented by attorney from Petitioners' Counsel, Keller Postman LLC). Indeed, Petitioners' counsel here recently filed a related class action on the same claims against Kohl's in the U.S. District Court for the Western District of Wisconsin. (Ex. E.) There is no reason why they could not litigate this matter in Wisconsin as well.

***Third***, the Forum-Selection Clause does not contravene California public policy. Given the strong federal policy in favor of enforcing forum-selection clauses, a plaintiff must show more than the forum state's mere interest in adjudicating certain claims to avoid a forum-selection clause. Instead, the plaintiff must point to something, such as a statute or judicial decision, that "clearly states" the intention that such a strong policy should bar enforcement of a forum-selection clause. *Socialcom. Inc. v. Arch Ins. Co.*, No. 2:20-cv-04056-RGK-AGR, 2020 WL 6815039, at *3 (C.D. Cal. July 7, 2020) (citing *Am. Online, Inc. v. Superior Court*, 90 Cal. App. 4th 1 (2001) (expressly holding that enforcement of a forum-selection clause would itself

violate important California public policy)). Petitioners can point to nothing of the sort here.

Therefore, the Forum-Selection Clause is valid and enforceable against Petitioners.

## V. NO "EXCEPTIONAL" CIRCUMSTANCES EXIST TO DISREGARD THE VALID FORUM-SELECTION CLAUSE

Once a court finds a valid forum-selection clause, it should refuse to enforce it only in "exceptional cases," based on an evaluation of public interest, not private factors. *See Morgan Tire*, 60 F. Supp. 3d at 1119-20 (quoting *Atl. Marine Constr. Co.*, 134 S. Ct. at 581-82.) The relevant public interest factors to consider are (i) the relative degrees of court congestion, (ii) the courts' relative familiarity with governing law, and (iii) local interest in deciding localized controversies. *Id.* Public interest factors will "rarely defeat" a motion to transfer—practically speaking, the forum-selection clause will control. *Atl. Marine Const. Co.*, 571 U.S. at 51.

First, a comparison of the judicial caseload profiles for the Central District of California and the Eastern District of Wisconsin reflects that this figure is relatively neutral. Caseloads in this Court are higher. In the 12 months preceding June 30, 2023, of the 94 district courts, judges in the Central District of California had the 20th highest caseload in the country, while their counterparts in the Eastern District of Wisconsin ranked much lower (48th). (*See* Exs. F, G.) While the California judges had somewhat faster termination rates relative to the Wisconsin judges for civil matters, the disparity between the courts is not significant enough to constitute the "exceptional" circumstances necessary to disregard a forum-selection clause. *See Melo*, 439 F. Supp. 3d at 703 (transferring case because there were no "exceptional public policy factors" sufficient to "outweigh the presumption enforcing the forum-selection clause").

The second factor, application of governing law, is also neutral. Petitioners ask this Court to compel Kohl's to arbitrate under 9 U.S.C. § 4—a federal statute that

10

Case 2:23-cv-01542-LA   Filed 10/20/23   Page 15 of 18   Document 37-1

judges in either district can equally apply—and seek relief under SB 707. Kohl's disputes whether any relief under SB 707 is available to Petitioners, as (i) multiple federal courts have held that statute is preempted (*see, e.g.*, *Lee v. Citigroup Corporate Holdings, Inc.*, No. 22-CV-02718-SK, 2023 WL 6132959, at *2 (N.D. Cal. Aug. 29, 2023); *Belyea v. Greensky, Inc.*, 637 F.Supp.3d 745, 756 (N.D. Cal. 2002)), and (ii) the Terms Petitioners claim apply to them include Wisconsin choice-of-law provisions (*see, e.g.*, (Dkt. 1-2 at 3). Regardless, federal courts in other states "routinely apply the law of a state other than the state in which they sit." *Bromlow v. D & M Carriers, LLC*, 438 F. Supp. 3d 1021, 1030 (N.D. Cal. 2020) (citing *Atl. Marine*, 571 U.S. at 66-67) (transferring case brought under California employment laws to Oklahoma). Indeed, "federal courts in other states are fully capable of applying California law." *Id.* Accordingly, even if SB 707 is applicable, that does not militate against transfer to Wisconsin.

As to the third factor, California does not have a sufficiently strong interest in deciding this Petition to overcome the Forum-Selection Clause. Even if California had expressed an interest in adjudicating motions to compel involving California residents, Wisconsin has a strong interest in adjudicating this dispute too, which would need to be counterbalanced against any theoretical California interest. For example, Wisconsin has an interest in ensuring that businesses located in that state comply with the law. *See, e.g.*, *Bromlow*, 438 F. Supp. 3d at 1030-31. And even if California's interest were slightly greater, that would be insufficient to constitute "extraordinary circumstances" to override the Forum-Selection Clause. *Id.* at 1031 (finding that California's expressed strong public interest in adjudicating employment matters concerning California residents was insufficient to override a forum-selection clause). As explained *supra*, Petitioners are just six of 54,495 individuals dispersed throughout the country asserting similar claims against Kohl's with representation by the same counsel. With similarly situated plaintiffs across the country, the only state

with a connection to all of the claims is Wisconsin—the location of Kohl's headquarters.

### VI. CONCLUSION

For the foregoing reasons, Kohl's respectfully requests that the Court transfer this action to the U.S. District Court for the Eastern District of Wisconsin.

DATED: October 20, 2023

Of Counsel:

Michael W. McTigue Jr.
Meredith C. Slawe
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000

By: /s/ Becca Wahlquist
Becca J. Wahlquist (SBN 215948)
bwahlquist@kelleydrye.com
KELLEY DRYE & WARREN LLP
350 South Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone: (213) 547-4900
Facsimile: (213) 547-4901

Lauri A. Mazzuchetti (*pro hac vice* to be submitted)
lmazzuchetti@kelleydrye.com
KELLEY DRYE & WARREN LLP
One Jefferson Road, 2nd Floor
Parsippany, NJ 07054
Telephone: (973) 503-5900
Facsimile: (973) 503-5950

James B. Saylor (*pro hac vice* to be submitted)
jsaylor@kelleydrye.com
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Telephone: (212) 808-7800
Facsimile: (212) 808-7897

*Attorneys for Respondents*

**Local Rule 11-6 Verification**

The undersigned, counsel of record for Respondents Kohl's Corporation and Kohl's Inc., certifies that this brief contains 3,776 words, which complies with the word limit of L.R. 11-6.1.

DATED: October 20, 2023 By: */s/ Becca J. Wahlquist*
Becca J. Wahlquist

Attorneys for Respondents