UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

|  |  |  |
|---|---|---|
| ANA BERNAL, AMIEE MARQUEZ, PATRICIA JUAREZ, and CLARA ROA, | ) ) ) ) | |
| Petitioners, | ) ) ) | |
| v. | ) ) ) | Case No. 2:23-cv-01542-LA |
| KOHL'S CORPORATION, and KOHL'S, INC., | ) ) ) ) | |
| Respondents. | ) ) ) ) ) | |

**PETITIONERS' OPPOSITION TO RESPONDENTS' MOTION FOR LEAVE TO FILE THREE-PAGE SUR-REPLY ON PETITIONERS' MOTION TO COMPEL ARBITRATION[1]**

"Courts in this district rarely grant leave to file a sur-reply, as 'the local rules provide for a motion, a response and a reply, and in the vast majority of cases, this is sufficient.'" *Dokey v. Spancrete, Inc.*, No. 19-cv-921, 2021 WL 535435, at *1 (E.D. Wis. Feb. 12, 2021) (quoting *Groshek v. Time Warner Cable, Inc.*, No. 15-cv-157, 2016 WL 4203506, at *4 (E.D. Wis. Aug. 9, 2016), *aff'd*, 865 F.3d 884 (7th Cir. 2017)); *accord* E.D. Wis. Civ. R. 7(a)–(c) (providing for a motion, a response, and a reply).

Kohl's seeks an exception because it wishes to make new arguments about *Pruett v. WESTconsin Credit Union*, 998 N.W.2d 529 (Wis. Ct. App. 2023), *petition for review filed*, No. 2022AP000887 (Wis. Dec. 18, 2023)—but its motion, Dkt. 74 ("Mot. for Leave"), and the proposed sur-reply, Dkt. 74-1 ("Proposed Sur-Reply"), demonstrate that the Proposed Sur-Reply is untimely, inappropriate, and misleading.

---

[1] Capitalized terms were previously defined in Petitioners' Motion to Compel Arbitration. *See* Dkt. 61-1 ("Mot. to Compel Arbitration").

First, Kohl's missed its chance to make its arguments about *Pruett*. Petitioners cited *Pruett* in their Motion to Compel Arbitration for the proposition that a defendant "fail[s] to act in good faith by exercising its discretionary power under [a] unilateral modification provision to 'protect [itself] retroactively from alleged wrongdoing.'" Mot. to Compel Arbitration at 17 (quoting *Pruett*, 998 N.W.2d at 545). Seven weeks later, Kohl's filed its opposition to the Motion to Compel Arbitration, Dkt. 70 ("Opp."), and failed to respond to Petitioners' arguments about *Pruett*. Three weeks later, Petitioners filed their reply in support of the Motion to Compel Arbitration, Dkt. 73 ("Reply"), pointing out Kohl's failure to respond to Petitioners' analysis of *Pruett* and expanding on the relevance of the case. Now Kohl's wishes to respond belatedly to *Pruett*, but because Kohl's could have made but failed to make that response in its Opposition, there is no reason for this Court to permit additional briefing by Kohl's on *Pruett* now.

It does not change the analysis that WESTconsin Credit Union, the defendant in *Pruett*, filed a petition for review with the Wisconsin Supreme Court on December 18, 2023. The mere filing of a petition for review does not diminish the precedential value of the decision of the Wisconsin Court of Appeals. The plaintiff in *Pruett* already opposed WESTconsin Credit Union's petition for review, and the decision of the Wisconsin Court of Appeals is the law of Wisconsin unless and until the Wisconsin Supreme Court grants the petition and reverses the Court of Appeals. *See* Wis. Stat. § 752.41(2) ("Officially published opinions of the court of appeals shall have statewide precedential effect."); *see also State ex rel. Dicks v. Employe Tr. Funds Bd.*, 551 N.W.2d 845, 848 (Wis. Ct. App. 1996) (holding that Wis. Stat. § 752.41(2) means "a published opinion [of the court of appeals] . . . binds . . . every court until it is reversed or modified"). To the extent Kohl's disagrees with that principle, and believes the filing of the petition is critical, it could have drawn the Court's attention to the petition when it filed its Opposition four weeks later on January 22, 2024, but it failed to do so.

Second, while Kohl's claims to seek leave to file a sur-reply to belatedly address *Pruett* "and *only* that issue," Mot. for Leave at 2, the Proposed Sur-Reply inappropriately addresses other issues as well. Indeed, much of its three-page Proposed Sur-Reply discusses *Badie v. Bank of Am.*,

2

67 Cal. App. 4th 779 (1998), along with three other out-of-state cases that Kohl's claims "apply[] the rule of *Badie*." Proposed Sur-Reply at 1–2. In addition, Kohl's proposes a paragraph-length footnote to argue that "[t]he Reply's other attacks on the 2023 Terms are . . . baseless." *See* Proposed Sur-Reply at 3 n.2. Thus, the Proposed Sur-Reply not only contains Kohl's untimely arguments about *Pruett*, but it also inappropriately seeks broadly to rebut Petitioners' Reply.

Third, the Proposed Sur-Reply is misleading because it does not even show how the Reply "materially misconstrues the analysis in *Pruett* and the legal standard governing a disputed issue." Mot. for Leave at 2. The Proposed Sur-Reply does not point to any specific language from the Reply that misconstrued *Pruett*. Instead, Kohl's seeks to introduce its own misinterpretations of *Pruett*. For example, Kohl's seeks to belatedly argue that *Pruett* can only be applied to cases where a contract with no arbitration agreement is modified to add an arbitration agreement. But *Pruett* contains no such limitation—the court there reached its decision by applying generally applicable contract law on the duty of good faith and fair dealing, which is part of every contract in Wisconsin. *See Pruett*, 998 N.W.2d at 545. Nothing in *Pruett* prevents that court's reasoning from being applied to other contract modifications, including when the original contract and the modified contract each contained materially—and surprisingly—different arbitration agreements. Kohl's also seeks to belatedly argue that it "is just wrong" that the *Pruett* court cared about whether the modified arbitration agreement applied retroactively, *see* Proposed Sur-Reply at 3, but it clearly did care about that. Both the circuit court and the court of appeals in *Pruett* placed particular importance on the retroactive effect of the arbitration agreement. *See Pruett*, 998 N.W.2d at 545 (noting that the arbitration agreement's "retroactive" effect was of "'particular concern' to the circuit court," and concluding on appeal that defendant "did not act in good faith when it attempted to add a new term . . . to retroactively deprive another party of a legal right").

The Court should deny Kohl's Motion for Leave, Dkt. 74, and disregard the improper arguments Kohl's proposes to make after the briefing closed.

3

Dated: February 20, 2024     By: */s/ Albert Y. Pak*

    **KELLER POSTMAN LLC**
    Albert Y. Pak
     *albert.pak@kellerpostman.com*
    Noah Heinz
     *noah.heinz@kellerpostman.com*
    1101 Connecticut Avenue, N.W., Suite 1100
    Washington, D.C. 20036
    Telephone: 202.918.1123

    Ethan H. Ames
     *ethan.ames@kellerpostman.com*
    150 N. Riverside Plaza, Suite 4100
    Chicago, IL 60606
    Telephone: 312.741.5220

    **KITNER WOODWARD PLLC**
    Martin Woodward
     *martin@kitnerwoodward.com*
    13101 Preston Road, Suite 110
    Dallas, TX 75240
    Telephone: 214.443.4300

    *Attorneys for Petitioners*