**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**ANA BERNAL, et al.,**
**Petitioners,**

**v.** **Case No. 23-cv-1542**

**KOHL'S CORPORATION, et al.,**
**Respondents.**

---

## ORDER

Petitioners Ana Bernal, Amiee Marquez, Patricia Juarez, and Clara Roa have filed an amended[1] petition for an order compelling arbitration and a motion to compel arbitration. Petitioners move pursuant to Section 4 of the Federal Arbitration Act for a court order compelling the respondents, Kohl's Corporation and Kohl's Inc. ("Kohl's"), to submit to arbitration before the American Arbitration Association ("AAA") and an order compelling Kohl's to pay the fees associated with the arbitration. For the reasons stated below, petitioners' motion is denied.

## I. BACKGROUND

Petitioners are four individuals who reside in California and have purchased products from Kohl's through its website, kohls.com. Petitioners allege that Kohl's has engaged in false and deceptive marketing practices to induce them to purchase products, in violation of California law.

---

[1] Petitioners filed their initial petition for an order compelling arbitration in the District Court for the Central District of California. On November 17, 2023, District Court Judge Percy Anderson granted Kohl's motion to transfer venue and transferred the action to this court. *See* ECF No. 52.

To make a purchase on kohls.com, Kohl's requires its customers agree to its Terms & Conditions. These Terms & Conditions include a class action waiver and provide for binding arbitration of "all disputes." Petitioners made their purchases between December 2020 and October 2022, so each of them agreed to either the version updated as of November 3, 2020 ("2020 Terms & Conditions") or the version updated as of July 13, 2022 ("2022 Terms & Conditions"), or both. The arbitration agreement in the 2020 and 2022 Terms & Conditions states that arbitration "will be conducted by the American Arbitration Association (AAA) under its rules, including the AAA's Consumer Arbitration Rules as applicable," and that "[p]ayment of all filing, administration and arbitrator fees will be governed by the AAA's rules." ECF No. 55-1 at 5 (2020 Terms & Conditions); ECF No. 55-2 at 5 (2022 Terms & Conditions).

In December 2022, petitioners each served a Notice of Dispute on Kohl's, beginning the arbitration process outlined in the 2020 and 2022 Terms & Conditions. Along with the petitioners, approximately 10,000 other claimants (represented by the same counsel as petitioners) served their Notices of Dispute on Kohl's alleging similar claims. On April 10, 2023, Kohl's received 44,656 more Notices of Dispute containing similar allegations from additional claimants, also represented by petitioners' counsel. The parties participated in a mediation session on April 17, 2023, and subsequently continued settlement discussions.

Between May 22 and May 26, 2023, petitioners and 54,491 additional claimants filed their formal arbitration demands with AAA. Petitioners and the other claimants paid their share of the applicable filing fees. On June 7, 2023, the AAA sent the parties a letter stating that in order to proceed, Kohl's must register the arbitration agreement that

names the AAA as the arbitral forum on its Consumer Clause Registry and pay the associated registration fees. The letter further stated that:

> Upon completion of the registration process and confirmation from the AAA that Kohl's is now active on the Consumer Clause Registry, along with the parties' completion of the AAA filing requirements, the AAA will begin to proceed with the administration of these cases.
>
> . . . If the business does not comply, absent a court order, the AAA will be unable to provide arbitration administration to the parties to assist them in resolving their disputes.

ECF No. 55-13 at 2. Kohl's subsequently informed the AAA that it would not register their consumer arbitration agreement on the Consumer Clause Registry. In a letter dated June 20, 2023, the AAA informed the parties that due to Kohl's refusal to register the arbitration agreement and pay the fees associated with registration, it "decline[d] to administer the cases." ECF No. 55-14 at 2. The AAA closed the files and refunded all fees paid by the petitioners and the other claimants. *Id.*

Petitioners seek an order compelling Kohl's to submit to arbitration before the AAA pursuant to the arbitration agreements found in the 2020 and 2022 Terms & Conditions, specifically compelling Kohl's to register its arbitration agreement with the AAA and to pay the fees associated with doing so.

## II. DISCUSSION

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, mandates the enforcement of valid, written arbitration agreements. 9 U.S.C. § 2; *Circuit City Stores v. Adams*, 532 U.S. 105, 111–12 (2001). "A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration" may petition a federal district court for an order directing that arbitration proceed in the manner

provided for in such agreement. 9 U.S.C. § 4. The court must compel arbitration where there is (1) an enforceable written agreement to arbitrate; (2) a dispute within the scope of the arbitration agreement; and (3) a refusal to arbitrate. *A.D. v. Credit One Bank, N.A.*, 885 F.3d 1054, 1060 (7th Cir. 2018).

Petitioner moves to compel arbitration pursuant to the AAA arbitration agreement in the 2020 and 2022 Terms & Conditions.[2] In light of the Seventh Circuit's recent decision in *Wallrich v. Samsung Electronics America, Inc.*, 106 F.4th 609 (7th Cir. 2024), I must deny the petitioners' motion to compel. In *Wallrich*, 49,986 Illinois-based consumers filed individual arbitration claims before the AAA, alleging that Samsung had unlawfully collected and stored sensitive biometric data through their electronic devices in violation of Illinois law. *Id.* at 614. The consumers paid their share of the initial administrative filing fees, and the AAA requested $4,125,000 from Samsung for its share of the initial fees. *Id.* Samsung, doubting the merits of the consumers' claims, refused to pay. *Id.* The AAA, in its discretion and in accordance with its rules, "offered the consumers the opportunity to advance Samsung's fees so that the arbitration could proceed, but [the consumers] declined." *Id.* at 614. The consumers requested that the AAA stay the arbitration proceedings until they could get an order compelling arbitration from a federal court. *Id.* The AAA denied the request for a stay, closed the arbitration

[2] Kohl's asserts that the arbitration agreement in the 2020 and 2022 Terms & Conditions has been superseded by its updated May 22, 2023, Terms & Conditions. The 2023 Terms & Conditions made several changes to the parties' arbitration agreement, including designating the National Arbitration and Mediation ("NAM")—not the AAA—as the arbitral forum for consumer disputes. Petitioners argue that they never agreed to the 2023 Terms & Conditions and seek to arbitrate pursuant to the AAA arbitration agreements. I need not consider which arbitration agreement applies, however, because even assuming that the agreement advanced by the petitioners controls, the motion to compel must be denied.

proceedings, and refunded the consumers' filing fees. *Id.* The consumers filed a petition to compel arbitration under § 4 of the FAA in federal court, seeking an order compelling Samsung to pay its AAA filing fees and to arbitrate the claims. *Id.* The district court found that an enforceable arbitration agreement existed between the parties and ordered Samsung to proceed to arbitration before the AAA and pay their share of the filing fees. *Id.*

The Seventh Circuit reversed, finding that the consumers did not meet their initial burden of proving the existence of a valid arbitration agreement with Samsung. *Id.* at 619. The court further concluded that "[e]ven if the consumers had met their evidentiary burden, the district court exceeded its authority and the scope of the arbitration agreement by ordering Samsung to pay the AAA filing fees." *Id.* at 620. The court noted that:

> The Supreme Court "has consistently held that parties may delegate threshold arbitrability questions to the arbitrator, so long as the parties' agreement does so by 'clear and unmistakable' evidence." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 69 (2019). Thus, "if a valid agreement exists, and if the agreement delegates the arbitrability issue to an arbitrator, a court may not decide the arbitrability issue." *Id.*; *see also Lamps Plus, Inc. v. Varela*, 587 U.S. 176, 184 (2019) ("Parties may generally shape such agreements to their liking by specifying with whom they will arbitrate, the issues subject to arbitration, the rules by which they will arbitrate, and the arbitrators who will resolve their disputes."). Additionally, procedural issues, like fee disputes, are "presumptively *not* for the judge, but for an arbitrator, to decide." *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002) (emphasis in original).

*Id.* Considering this, the court concluded that "Samsung and the consumers proceeded through arbitration in the manner provided for in their agreement." *Id.* The arbitration agreement between the consumers and Samsung stated that administrative, facility, and arbitrator fees shall "be determined according to AAA rules." *Id.* at 613. Because

the arbitration agreement delegated threshold arbitration fee disputes to the AAA and its rules, "[t]he parties thus bargained for the AAA's discretion over the payment of administrative filing fees, including the consequences that would stem from a party's refusal to pay those fees." *Id.* at 620. The court concluded that Samsung and the consumers' arbitration proceeded in line with their agreement when AAA considered the fee dispute and terminated the arbitration within its discretion. *Id.* "At that point, arbitration was complete, and the district court did not have the authority to flout the parties' agreement and disturb the AAA's judgment." *Id.* The court found this outcome to be consistent with other circuits that have considered the issue. *Id.* at 620–621 (citing *Dealer Computer Services, Inc. v. Old Colony Motors, Inc.*, 588 F.3d 884 (5th Cir. 2009); *Lifescan, Inc. v. Premier Diabetic Services, Inc.*, 363 F.3d 1010 (9th Cir. 2004)).

Less than a month later, the Seventh Circuit applied its holding in *Wallrich* to a similar case against Samsung. *Hoeg v. Samsung Elecs. Am., Inc.*, No. 24-1274, 2024 WL 3593896 at *1 (7th Cir. July 31, 2024). The consumers in *Hoeg* brought the same substantive claims against Samsung before the AAA. Samsung failed to pay its fees by the AAA's deadline, so the AAA extended the deadline. *Id.* On the day of the extended deadline, Samsung and the consumers jointly requested the AAA stay the arbitration to allow them to mediate their claims. *Id.* The AAA declined and terminated the proceedings due to Samsung's refusal to pay fees. *Id.* Unlike the proceedings in *Wallrich*, the AAA indicated that the consumers could refile their arbitration demands if mediation failed. *Id.* Though mediation was unsuccessful, instead of refiling their arbitration demands the consumers filed a petition to compel arbitration in federal court

based on the same theory used in *Wallrich*. *Id.* The district court granted the petition and compelled Samsung to arbitrate and pay the AAA's administrative fees. *Id.*

The Seventh Circuit reversed. The court noted that like *Wallirch*, "the consumers filed arbitration demands before the AAA; Samsung refused to pay its share of administrative fees; the AAA terminated the arbitration in its discretion; and the consumers sought to compel arbitration in district court due to Samsung's refusal to pay fees." *Id.* Even though the consumers in *Hoeg* were not given the opportunity to advance Samsung's share of the filing fees and proceed with the arbitration, the court concluded that "*Wallrich* controls, arbitration has been completed in line with the parties' agreement, and the consumers can only file their substantive claims in an appropriate court." *Id.* at 2.

*Wallrich* controls here as well. Like the arbitration agreement in *Wallrich* and *Hoeg*, the arbitration agreements in the 2020 and 2022 Terms & Conditions state that arbitration will be conducted under the AAA's rules, including the AAA's Consumer Arbitration Rules, and that payment of all filing, administration and arbitrator fees will be governed by the AAA's rules. Rule 12 of the AAA's Consumer Arbitration Rules, which covers the AAA's requirement that businesses register arbitration agreements on its the Consumer Clause Registry and payment of the Registry fee, states that "[t]he AAA will decline to administer consumer arbitrations arising out of that arbitration agreement where the business fails to pay the review and Registry fee." ECF No. 55-15 at 17 (AAA Consumer Arbitration Rules, Amended and Effective September 1, 2014). "If the AAA declines to administer a case due to the business's non-compliance with this registration requirement, the parties may choose to submit their dispute to the

appropriate court." *Id.* at 18. Thus, even assuming that the arbitration agreement in the 2020 and 2022 Terms & Conditions has not been superseded by the subsequent 2023 Terms & Conditions, I must deny the petitioners' motion to compel. Petitioners in this case filed their arbitration demands before the AAA. Kohl's refused to register its arbitration agreement and pay the requisite fees. In accordance with its rules the AAA declined to administer the cases. Pursuant to Rule 12 of the AAA's Consumer Arbitration Rules, petitioners are free to pursue their substantive claims in court.

## III. CONCLUSION

Under the Seventh Circuit's holding in *Wallrich* and *Hoeg*, I must conclude that arbitration has been completed in line with the parties' agreement, and I cannot compel Kohl's to arbitrate or to pay the associated fees. Petitioners may still bring their substantive claims against Kohl's in an appropriate court.

**THEREFORE, IT IS ORDERED** that petitioners' motion to compel arbitration (ECF No. 61) is **DENIED**.

**IT IS FURTHER ORDERED** that Kohl's motion for leave to file three-Page sur-reply (ECF No. 74) is **DENIED AS MOOT**.

Dated at Milwaukee, Wisconsin, this 13th day of September, 2024.

/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge